UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: RUBEN GONZALEZ CUEVAS,

Debtor,

_____

PHILIP EBERHARD KOEBEL,

Appellant,

v.

STEVAN CHANDLER, Trustee of
the Juliana Cuevas Living Trust and
HEIDE KURTZ,

Appellees.

No. 16-60086

BAP No. 15-1353

ORDER AMENDING
MEMORANDUM DISPOSITION
AND DENYING PETITION FOR
PANEL REHEARING

In re: PHILIP EBERHARD KOEBEL,

_____

PHILIP EBERHARD KOEBEL,
attorney disciplinary matter,

Appellant.

No. 16-60091

BAP No. 16-1149

Before: CLIFTON and CALLAHAN, Circuit Judges, and HOYT,* District Judge.

---

\* The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

The memorandum disposition filed August 23, 2018 (Docket Entry No. 49),

is amended as follows:

1. On page 6, replace the second sentence of the first complete paragraph:

> Moreover, Koebel was well aware that he had been sanctioned in the past for wrongfully removing unlawful detainer actions against his debtor clients to bankruptcy court."

with

> Moreover, Koebel was well aware that he had been warned in the past for wrongfully removing unlawful detainer actions against his debtor clients to the bankruptcy court, and had also previously been sanctioned for "egregious, vexatious, and bad faith conduct."

2. On page 6, replace the second sentence of the second complete paragraph:

> Koebel did not question the bankruptcy court's authority to impose sanctions against him and conceded certain points at the disciplinary hearing, namely that he may have left himself "defenseless" by neglecting to address the disciplinary order against him in a meaningful way.

with

> Koebel did not question the bankruptcy court's authority to impose sanctions against him and conceded certain points to the BAP, namely that he may have left himself "defenseless" by neglecting to address the disciplinary order against him in a meaningful way.

With the foregoing amendments to the memorandum disposition,

Appellant's petition for panel rehearing (Docket Entry No. 50) is DENIED.

No further petitions for rehearing will be accepted in this case.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: RUBEN GONZALEZ CUEVAS, | No. 16-60086 |
| Debtor, | BAP No. 15-1353 |
| PHILIP EBERHARD KOEBEL, | MEMORANDUM* |
| Appellant, | |
| v. | |
| STEVAN CHANDLER, Trustee of the Juliana Cuevas Living Trust and HEIDE KURTZ, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Taylor, Bankruptcy Judges, Presiding

| | |
|---|---|
| In re: PHILIP EBERHARD KOEBEL, | No. 16-60091 |
| | BAP No. 16-1149 |
| PHILIP EBERHARD KOEBEL, attorney disciplinary matter, | |
| Appellant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Faris, Bankruptcy Judges, Presiding

Submitted August 8, 2018[**]
Pasadena, California

Before: CLIFTON and CALLAHAN, Circuit Judges, and HOYT,[***] District Judge.

In this consolidated appeal, Philip E. Koebel (Koebel) appeals the Bankruptcy Appellate Panel's (BAP) decision affirming a bankruptcy court's orders suspending and imposing monetary sanctions against him. We have jurisdiction to review Koebel's appeal pursuant to 28 U.S.C. § 158(d). We review the bankruptcy court's interpretations of the Bankruptcy Code de novo and its findings of fact for clear error. *United States v. Hatton (In re Hatton)*, 220 F.3d 1057, 1059 (9th Cir. 2000). We review the imposition of Rule 9011 sanctions and discipline for an abuse of discretion. *See Price v. Lehtiner*, 564 F.3d 1052, 1058 (9th Cir. 2009). We affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

## I.

The BAP found that Koebel did not make any argument specifically and distinctly addressing the bankruptcy court's sanctions in his appeal brief, and any argument was therefore forfeited. The BAP also explained that Koebel did not address the disciplinary suspension during oral argument, and that his appeal to the BAP did not identify any error in the order suspending him. "Absent exceptional circumstances, issues not raised before the BAP are waived." *In re Eliapo*, 468 F.3d 592, 603 (9th Cir. 2006) (internal quotation marks omitted). Koebel has not offered any exceptional circumstance that excuses his failure make these arguments to the BAP. Instead, he asserts that challenging the dismissal of his chapter 13 plan was sufficient. Accordingly, Koebel waived any argument challenging his suspension and the monetary sanctions. However, even if Koebel did not waive these arguments, they would fail.

## II.

The bankruptcy court did not err by imposing monetary sanctions. Under Fed. R. Bankr. P. 9011, a bankruptcy court has authority to impose monetary sanctions, such as reasonable attorneys' fees and costs, against an individual where the papers are frivolous or filed for an improper purpose, such as to harass, cause unnecessary delay, or a needless increase in litigation costs. *See Valley Nat'l Bank v. Needler (In*

3

*re Grantham Bros.)*, 922 F.2d 1438, 1441 (9th Cir. 1991) (internal citations omitted).[1]

Koebel asserts that the bankruptcy court failed to consider evidence, such as the contents of Cuevas's chapter 13 schedules and plan, which, he alleges, establishes that his bankruptcy filings were made in good faith. He maintains that post-chapter 7 tax debts in excess of $17,785 remained to be addressed as well as legal fees potentially owed to a lawyer who had defended Cuevas in an unlawful detainer action. Koebel made other dubious claims, such as his reliance on a speculative, lump-sum trust distribution in the amount $195,000 as funding for Cuevas's chapter 13 plan, and Cuevas's claimed homestead exemption.

None of these arguments have merit. Cuevas's chapter 13 case sought to establish a homestead exemption in spite of a previous ruling that Cuevas held no legal or equitable title or possessory interest in the subject home at the time his bankruptcy petitions were filed. Koebel's reliance on *In re Moffat*, 107 B.R. 255, 259 n.7 (Bankr. C.D. Cal. 1989), and *In re Harris*, 101 B.R. 210, 214 (Bankr. E.D. Cal. 1989), overlooks the fact that in both of those cases the debtors had either a

---

[1]     Since Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011 utilize essentially identical language, courts often rely on cases interpreting the former when construing the latter. *See Grantham Bros.*, 922 F.2d at 1441.

4

current or prior legal interest in the properties for which they sought a homestead exemptions. Indeed, at the time of Cuevas's chapter 13 filing, Koebel had no arguable basis for believing Cuevas possessed *any* legal interest in his mother's home beyond his claim for distribution of trust funds. Also, Koebel has not refuted that Cuevas's creditors were not pressing, and that Cuevas lacked the ability to reorganize his finances. Furthermore, the finding of an improper purpose is fully supported by the timing of the filing of the chapter 13 case.

We find that the bankruptcy court's bad faith finding was not illogical, implausible, or unsupported by the record and that the imposition of monetary sanctions did not violate Fed. R. Bankr. P. 9011. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

## III.

Nor did the bankruptcy disciplinary panel (BDP) err in suspending Koebel from filing any new case or proceeding in the bankruptcy court and placing him on probation for four and one-half years. Bankruptcy courts have inherent authority to regulate the practice of attorneys who appear before them, including disbarment or the suspension of attorneys from practice. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991). An attorney subjected to discipline, however, is entitled to certain guarantees of procedural due process, namely notice and a hearing. *See Rosenthal v. Justices of the Supreme Court of Cal.*, 910 F.2d 561, 564 (9th Cir. 1990).

Contrary to Koebel's claims, the record shows that the order to show cause issued by the bankruptcy court notified Koebel of the conduct charged against him. Koebel was also served with notice of the bankruptcy court's decision and recommendation, which was adopted by the BDP. Moreover, Koebel was well aware that he had been warned in the past for wrongfully removing unlawful detainer actions against his debtor clients to the bankruptcy court, and had also previously been sanctioned for "egregious, vexatious, and bad faith conduct."

The order to show cause not only identified the bankruptcy court's disciplinary authority, but also the possibility of the imposition of sanctions against Koebel for his conduct. Koebel did not question the bankruptcy court's authority to impose sanctions against him and conceded certain points to the BAP, namely that he may have left himself "defenseless" by neglecting to address the disciplinary order against him in a meaningful way. Therefore, Koebel's due process rights were not violated when the BDP addressed other relevant conduct as well as his conduct during the hearing.

Further, the BDP's decision to discipline Koebel did not rest on evidence other than that presented to or found by the bankruptcy court through judicial notice or its records. The BDP made its extensive, detailed factual findings based upon Koebel's sworn testimony concerning his handling of Cuevas's case, declarations and exhibits submitted by him, and other evidence presented to the bankruptcy court. The BDP

6

found that the appellant had an extensive history—as well as an ongoing practice—of similar violations, consisting of bad faith, dilatory tactics, undertaken without any legitimate purpose other than to stall or maximize delay in litigation for his bankruptcy debtor clients. More importantly, Koebel does not dispute his motivation for filing the chapter 13 case—to stall or delay Cuevas's eviction.

Finally, the BDP considered Koebel's mitigating circumstances, including his financial responsibilities. Nonetheless, it chose to impose the sanctions recommended by the bankruptcy court, referencing the criterion of the American Bar Association. Koebel does not maintain that the sanctions were disproportionate to the attorneys' fees and costs incurred, or otherwise penal in nature.

We conclude that the disciplinary sanctions imposed by the BDP were based on record evidence and are reasonable under the circumstances. Koebel has not shown that the bankruptcy court abused its discretion in sanctioning and disciplining him. The bankruptcy court's orders are **AFFIRMED**.